## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SYP-EMPIRE L.C. D/B/A GRANDY'S, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | CIVIL ACTION NO. _____ |
| SENECA INSURANCE COMPANY, | § | |
| INC., | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

---

## COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SYP-EMPIRE L.C. D/B/A GRANDY'S ("Plaintiff"), and files this Complaint, complaining of Seneca Insurance Company, Inc. ("Seneca"), and for causes of action, Plaintiff would respectfully show this Honorable Court the following:

### I.
### PARTIES

1.      Plaintiff SYP-EMPIRE L.C. D/B/A GRANDY'S owns the buildings at issue, located at 4180 S. Cooper Street, Arlington, Texas 76015 and 4301 South Freeway, Fort Worth, Texas, 76115.

2.      Defendant SENECA INSURANCE COMPANY, INC. is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Attorney for Service, James Isbell, 1 Riverway,

Suite 1400, Houston, TX 77056 and Chris Avery, Thompson, Coe, Cousins & Irons, LLP, 1 Riverway, Suite 1400, Houston, TX 77056.

## II.
## JURISDICTION & VENUE

3.      This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1), based on the diversity of the citizenship of the parties.

4.      Plaintiff is a resident of Texas.

5.      Defendant is a citizen of the state of New York for the purposes of diversity of citizenship.

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

7.      Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because Plaintiff's claims arise in the Northern District of Texas, the insured properties are located in the Northern District of Texas, and Seneca is subject to personal jurisdiction in the Northern District of Texas.

## III.
## FACTS

8.      Plaintiff is the owner of a Texas Property Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Seneca.

9.      Plaintiff owns the insured properties, which are specifically located at 4180 S. Cooper Street, Arlington, Texas 76015 and 4301 South Freeway, Fort Worth, Texas, 76115 (hereinafter referred to as "the Property").

10.      Seneca sold the Policy insuring the Property to Plaintiff.

11.     In May of 2014, a hail and wind event caused damages to Plaintiff's buildings, including the roofs and interiors of said buildings.  Plaintiff filed a claim with its insurance company, Seneca, for the damages to its buildings caused by the hail and wind event.

12.     Plaintiff asked that Seneca cover the cost of repairs to the Property pursuant to the Policy, including but not limited to repair and/or replacement of the affected areas.

13.     Defendant set about to deny properly covered damages.  As a result of Defendant's unreasonable investigation of Plaintiff's claims, including not providing full coverage for the damages sustained by Plaintiff and thus denying adequate and sufficient payment to Plaintiff to repair its Property, Plaintiff's claims were improperly adjusted.  The mishandling of Plaintiff's claim has also caused a delay in its ability to fully repair its Property, which has resulted in additional damages.

14.     As detailed in the paragraphs below, Seneca wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

15.     Defendant Seneca failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Properties, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Seneca's conduct constitutes a breach of the insurance contract between Seneca and Plaintiff.

16.     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

17.     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

18.     Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

19.     From and after the time Plaintiff's claim was presented to Defendant Seneca, the liability of Seneca to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Seneca has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Seneca's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20.     As a result of Defendant's wrongful acts and/or omissions, Plaintiff was forced to retain the professional services of McDonald Law Firm to represent it with respect to these causes of action.

21.     Plaintiff's experience is not an isolated case. The acts and/or omissions Seneca committed in this case, or similar acts and/or omissions, occur with such frequency that they constitute a general business practice of Seneca with regard to handling these types of claims.

Seneca's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## IV.
## CAUSES OF ACTION:

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

22.     Seneca's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

23.     Seneca's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitute unfair methods of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

24.     Seneca's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

### BREACH OF CONTRACT

25.     Defendant Seneca is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

26.     Defendant Seneca's conduct constitutes a breach of the insurance contract made between Seneca and Plaintiff.

27.     Defendant Seneca's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Seneca's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

28.     Defendant Seneca's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

29.     Defendant Seneca's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.056.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

30.     Defendant Seneca's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

31.     Defendant Seneca's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Seneca knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

32.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a proximate cause of Plaintiff's damages described herein.

## V.
## DAMAGES

33.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute a proximate cause of the damages sustained by Plaintiff.

34.     As previously mentioned, the damages caused by the storm have not been properly addressed or repaired, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

35.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

36.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees and expenses.  For knowing conduct of the acts described above, Plaintiff asks for three times its actual damages. TEX. INS. CODE § 541.152.

37.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorneys' fees. TEX. INS. CODE § 542.060.

38.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

39.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are to this pleading.  Therefore, Plaintiff is

entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VI.
## JURY DEMAND

40.    Plaintiff hereby requests, pursuant to FED. R. CIV. P. 38, that all causes of action alleged herein be tried before a jury consisting of citizens residing in the Northern District of Texas.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: _____
       Dan McDonald
       TX Bar No. 13539300
       FL Bar No. 103097
       OK Bar No. 31450
       MS Bar No. 104608
       *dan@mcdonaldlawfirm.com*
       Preston J. Dugas, III
       TX Bar No. 24050189
       LA Bar No. 34917
       *preston@mcdonaldlawfirm.com*
       David L. Boohaker
       TX Bar No. 24093707
       GA Bar No. 159043
       *david@mcdonaldlawfirm.com*

       **MCDONALD LAW FIRM, P.C.**
       One Museum Place
       3100 West 7th Street, Suite 230
       Fort Worth, TX  76107
       817.717.5081 – Office
       817.717.5082 – Facsimile

       **ATTORNEYS FOR PLAINTIFF**