UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SYP-EMPIRE L.C. D/B/A GRANDY'S,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-cv-01278-M |
| **SENECA INSURANCE COMPANY, INC.,** | § § § | |
| Defendant. | § § § | |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SYP-EMPIRE L.C. D/B/A GRANDY'S ("Plaintiff"), and files this Complaint, complaining of Seneca Insurance Company, Inc. ("Seneca"), and for causes of action, Plaintiff would respectfully show this Honorable Court the following:

## I.
## PARTIES

1. Plaintiff SYP-EMPIRE L.C. D/B/A GRANDY'S owns the buildings at issue, located at 4180 S. Cooper Street, Arlington, Texas, 76015 and 4301 South Freeway, Fort Worth, Texas, 76115.

2. Defendant SENECA INSURANCE COMPANY, INC. is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Attorney for Service, James Isbell, 1 Riverway,

Suite 1400, Houston, TX 77056 and Chris Avery, Thompson, Coe, Cousins & Irons, LLP, 1 Riverway, Suite 1400, Houston, TX 77056.

## II.
## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1), based on the diversity of the citizenship of the parties.

4. Plaintiff is a resident of Texas.

5. Defendant is a citizen of the state of New York for the purposes of diversity of citizenship.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

7. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because Plaintiff's claims arise in the Northern District of Texas, the insured properties are located in the Northern District of Texas, and Seneca is subject to personal jurisdiction in the Northern District of Texas.

## III.
## FACTS

8. Plaintiff is the owner of a Texas Property Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Seneca.

9. Plaintiff owns the insured properties, which are specifically located at 4180 S. Cooper Street, Arlington, Texas 76015 and 4301 South Freeway, Fort Worth, Texas, 76115 (hereinafter referred to as "the Property").

10. Seneca sold the Policy insuring the Property to Plaintiff.

11. In May of 2014, a hail and wind event caused damages to Plaintiff's buildings, including the roofs and interiors of said buildings. Plaintiff filed a claim with its insurance company, Seneca, for the damages to its buildings caused by the hail and wind event.

12. Plaintiff asked that Seneca cover the cost of repairs to the Property pursuant to the Policy, including but not limited to repair and/or replacement of the affected areas.

13. Defendant denied properly covered damages. As a result of Defendant's actions, including not providing full coverage for the damages sustained by Plaintiff and thus denying adequate and sufficient payment to Plaintiff to repair its Properties, Plaintiff was not fully compensated for covered damages. The denial of Plaintiff's claim has also caused a delay in its ability to fully repair its Property, which has resulted in additional damages.

14. Seneca denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

15. Defendant Seneca failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Properties, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Seneca's conduct constitutes a breach of the insurance contract between Seneca and Plaintiff.

16. As a result of Defendant's acts and/or omissions, Plaintiff was forced to retain the professional services of McDonald Law Firm to represent it with respect to these causes of action.

## IV.
## CAUSES OF ACTION:

## BREACH OF CONTRACT

17. Defendant Seneca is liable to Plaintiff for intentional breach of contract.

18. Defendant Seneca's conduct constitutes a breach of the insurance contract made between Seneca and Plaintiff.

19. Defendant Seneca's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Seneca's insurance contract with Plaintiff.

## V.
## DAMAGES

20. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute a proximate cause of the damages sustained by Plaintiff.

21. As previously mentioned, the damages caused by the storm have not been properly addressed or repaired, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's denial of Plaintiff's claim.

22. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

23. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VI.
## JURY DEMAND

24. Plaintiff hereby requests, pursuant to FED. R. CIV. P. 38, that all causes of action alleged herein be tried before a jury consisting of citizens residing in the Northern District of Texas.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages and all exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

*/s/ David Boohaker*

By: Dan McDonald
TX Bar No. 13539300
FL Bar No. 103097
OK Bar No. 31450
MS Bar No. 104608
dan@mcdonaldlawfirm.com
Preston J. Dugas, III
TX Bar No. 24050189
LA Bar No. 34917
preston@mcdonaldlawfirm.com
David L. Boohaker
TX Bar No. 24093707
GA Bar No. 159043
david@mcdonaldlawfirm.com

**MCDONALD LAW FIRM, P.C.**
One Museum Place
3100 West 7th Street, Suite 230
Fort Worth, TX  76107
817.717.5081 – Office
817.717.5082 – Facsimile

**ATTORNEYS FOR PLAINTIFF**